IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **JASON CRAIG MONTGOMERY** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20cv122(1) |
| | § | CRIMINAL ACTION NO. 4:17cr84(1) |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

With the assistance of counsel, Movant Jason Craig Montgomery filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, challenging his Eastern District of Texas, Sherman Division conviction [Dkt. 2]. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**I. BACKGROUND**

On November 15, 2017, after a jury had found Movant guilty of attempted coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b), the District Court imposed a sentence of 235 months' imprisonment. On August 27, 2018, the United States Court of Appeals for the Fifth Circuit affirmed the judgment of the District Court, *United States v. Montgomery*, 746 F. App'x 381 (5th Cir. 2018). On February 25, 2019, the United States Supreme Court denied Movant's petition for writ of certiorari, *Montgomery v. United States*, 139 S. Ct. 1262 (2019).

On February 21, 2020, Movant filed the instant § 2255 motion, arguing he is entitled to relief based on ineffective assistance of counsel [Dkt. 2]. Specifically, Movant asserts both trial and

appellate counsel were ineffective in not challenging the District Court's failure to orally pronounce the special conditions of his supervised release [Dkt. 2 at 4-6] (although Movant had written notice of those conditions in the Presentence Report ("PSR")), *see* Crim. ECF 4:17cr84(1) (Dkt. #102, pp. 19-21)). The Government filed a Response, asserting Movant is not entitled to any relief [Dkt. 5]. Movant did not file a Reply.

## II.  STANDARD FOR FED ERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

## III.  INEFFECTIVE ASSISTANCE OF COUNSEL

Movant asserts he is entitled to relief based on ineffective assistance of counsel of both trial and appellate counsel for failing to object to the District Court's imposition of special conditions of release which were not orally stated at sentencing [Dkt. 2 at 4-6]. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the

defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700. A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, a court need not address the question of counsel's performance. *Id*. at 697. The Fifth Circuit has held that to prevail on a claim of ineffective assistance of counsel on appeal, the petitioner must make a showing that had counsel performed differently, there would have been revealed issues and arguments of merit on the appeal. *Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991), *citing Strickland*, 466 U.S. at 687. .

To reiterate, Movant's central issue is that neither trial nor appellate counsel challenged the Court's imposition of "unpronounced" special conditions at his sentencing hearing [Dkt. 2]. District courts have discretionary authority to "modify, reduce, or enlarge the conditions of supervised release" at any time. 18 U.S.C. § 3583(e)(2). Modification is contingent on weighing the § 3553(a)

3

sentencing factors, including: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence; (3) the need to protect the public; (4) the need to provide the defendant with treatment in the most effective manner; (5) the established sentencing range; (6) any policy statement by the Sentencing Commission; (7) the need to avoid unwanted sentence disparities; and (8) the need to provide restitution to any victims. 18 U.S.C. § 3553(a); *United States v. Paul*, 274 F.3d 155, 165 (5th Cir. 2001). Considering these factors, any supervised release condition may not result in a greater deprivation of liberty than is reasonably necessary. 18 U.S.C. § 3583(d).

Courts must orally pronounce a defendant's sentence to respect their right to be present at sentencing. *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001) (per curiam); Fed. R. Crim. P. 43(a)(3). This pronouncement requirement provides a defendant an opportunity to object to any part of their sentence before it is imposed. *United States v. Diggles*, 957 F.3d 551, 560 (5th Cir. 2020). Although the Court must orally pronounce a defendant's sentence, it need not pronounce every term. *See United States v. Torres-Aguilar*, 352 F.3d 934, 936–38 (5th Cir. 2003) (per curiam). Courts are only required to orally pronounce discretionary conditions of a sentence, not mandatory conditions, because courts have no power to modify a mandatory term in response to a defendant's objection. *Diggles*, 957 F.3d at 557; *see, e.g.*, U.S.S.G. § 5D1.3(a)-(d). The statute regulating supervised release conditions, 18 U.S.C. § 3583(d), distinguishes some mandatory and discretionary conditions, but the root of the inquiry is the "fullness of [the defendant's] opportunity to defend against the charge." *Snyder v. Massachusetts,* 291 U.S. 97, 105–06 (1934).

In the instant case, Movant relies on *United States v. Rivas-Estrada*, 906 F.3d 346 (5th Cir. 2018), in which a panel from the Fifth Circuit held for the first time that, to give a defendant notice

4

of special conditions of supervised release and to fulfill the oral-pronouncement requirement, a district court must, at the minimum, orally read each special condition out loud at the sentencing hearing. *Id.* Movant complains that neither trial counsel nor appellate counsel challenged the Court's failure to orally pronounce each special condition of his supervised release at the sentencing hearing.

As an initial matter, Counsel cannot be ineffective for failing to do something not required of them. A review of *Rivas-Estrada* shows that it was decided on October 12, 2018 – *after* Montgomery was sentenced by the District Court on November 15, 2017, and *after* the Fifth Circuit affirmed his conviction on August 27, 2018. Movant fails to provide any authority showing that the District Court was required to "orally enumerate" each and every special condition of supervised release at the time of Movant's sentencing. Therefore, there was no duty for trial counsel to object or for appellate counsel to raise the issue on appeal. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (a futile or meritless objection cannot be grounds for a finding of deficient performance); *see also Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (counsel cannot be held to be ineffective for failing to argue frivolous claims). The Fifth Circuit has repeatedly held that "there is no general duty on the part of defense counsel to anticipate changes in the law." *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). "Clairvoyance is not a required attribute of effective representation." *Id.* at 294-95. Any argument that trial or appellate counsel would have advanced in this vein would have been frivolous at the time. *Koch*, 907 F.2d at 527.

Moreover, in *Diggles*, decided on April 29, 2020, the Fifth Circuit – specifically the full court – in a 17-0 decision, discredited the *Rivas-Estrada* opinion, holding that the district court's oral adoption of the PSR, which included the contested special conditions, satisfied the

pronouncement obligations, particularly as the defendant had advance notice of the conditions listed in the PSR. 957 F.3d at 560-61 ("when the defendant confirms review of the PSR and sentencing goes forward, a court's oral adoption of PSR-recommended conditions gives the defendant an opportunity to object."). *See also, United States v. Rodgers*, No. 4:13-CR-0024, 2021 WL 5578692, *2 (E.D. Tex. Nov. 29, 2021) (J. Mazzant); *United States v. Luedde*, No. 4:14-CR-152, 2021 WL 490246, *3-4 (E.D. Tex. Feb. 10, 2021) (J. Mazzant); *United States v. Overman*, No. 4:14-CR-23, 2020 WL 3051042, *2 (E.D. Tex. June 8, 2020) (J. Crone); *United States v. Snuggs*, No. 4:14-CR-132, 2020 WL 3037107, *2 (E.D. Tex. June 4, 2020) (J. Crone).

Here, at Movant's sentencing, the Court orally pronounced the conditions of Movant's supervised release by adopting the PSR recommendations. Specifically, the Court adopted the factual findings, undisputed facts, and guideline applications in the presentence report and held that "defendant must comply with the mandatory and special conditions and instructions that have been set forth in the defendant's presentence report" [Crim. ECF Dkt. No. 119 at 13, 47]. The Court's oral pronouncment gave Movant notice of the conditions; and, as such, Movant cannot claim surprise when the written judgment, later issued, included the special conditions listed in the PSR. Indeed, pursuant to *Diggles,* Movant had advance notice of the special conditions, as they were contained in the PSR, which was filed of record prior to sentencing [Crim ECF Dkt. No. 102 at 19-21], and the Court orally adopted the special conditions of supervised release that were listed in the PSR, resulting in the satisfaction of pronouncement obligations [Crim ECF Dkt. No. 119]. *Diggles*, 957 F.3d at 560-61.

The Court notes that Movant further complains that the two supervisory conditions concerning finances and drug testing and treatment should fail because the District Court did not

make the requisite factual findings. Specifically, the two conditions are:

> You must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.
>
> You must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

Crim. ECF (Dkt. #113, p. 5). As the record shows, the Court treated the two challenged conditions as special conditions at all times. *See* Crim. ECF (Dkt. #102, p. 19), (Dkt. #113, p. 5). In both the PSR and the Judgment, these conditions were listed under "Special Conditions of Supervision."

Movant complains that no fine or restitution was ordered that would support the condition prohibiting the opening of new lines of credit. The record reflects, however, that the Court ordered Movant to pay a $5,000.00 assessment under the Justice for Victims of Trafficking Act of 2015. *See* Crim. ECF (Dkt. #113, p. 7). That assessment is a financial obligation within the meaning of the special condition that Movant "not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full." *Id*. at p. 5.

Movant also complains that nothing in the record supports the conclusion that Movant abused alcohol or narcotics. Contrary to Movant's assertion, in the PSR, it was noted that Movant said he was addicted to methamphetamine and could benefit from treatment. *See* Crim. ECF (Dkt. #102, p. 10). Additionally, the PSR outlined Movant's own description of his history of drug abuse. While Movant described minimal use of marijuana and cocaine, he said he drank alcohol daily and used methamphetamine two to three nights per week. *Id.* at pp. 9-10. Furthermore, at Movant's sentencing hearing, he called an expert witness, Dr. Anna Shursen, Ph.D., who was a licensed

professional counselor and licensed sex offender treatment provider. Dr. Shursen conducted a forensic risk evaluation of Movant, and testified that Movant "has a history of acting-out behavior probably in the area of substance abuse – impulsivity and drug use probably have been a highlight of his life[.]" Crim. ECF (Dkt. #119, p. 23). In Dr. Shursen's written report submitted to the Court, she noted that Movant's Personality Assessment Inventory "indicated more alcohol and drug abuse than [Movant] alleges." Crim. ECF (Dkt. #107-1, p. 2). The report also states that Movant's "impulsivity and drug use have likely led to severe impairment in his ability to maintain social role expectations[.]" *Id.*, p. 7. The evidence in the record that Movant is an abuser of alcohol or narcotics is also more than sufficient. In sum, the record clearly reflects that the special conditions concerning finances and drug testing and treatment were factually supported.

## IV. CONCLUSION

In conclusion, Movant fails to show that trial or appellate counsel performed deficiently. He fails to show that, but for trial counsel's alleged deficient performance, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694. Movant also fails to show that, but for appellate counsel's failure to raise the issue, he would have prevailed on appeal. *Robbins*, 528 U.S. at 285. Having found no merit to Movant's claims, the § 2255 motion should be denied.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may

*sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a [certificate of appealability] should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that the court find that Movant is not entitled to a certificate of appealability.

## VI.  RECOMMENDATION

It is recommended that the motion to vacate, set aside, or correct sentence be **DENIED**, and the case is **DISMISSED** with prejudice. It is further recommended a certificate of appealability be **DENIED**.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)( C).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 24th day of February, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE